**Michael Fuller, OSB No. 093570**
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TANYA LANE**<br>on behalf of herself and<br>all others similarly situated<br><br>Plaintiff<br><br>vs<br><br>**CERTEGY PAYMENT SOLUTIONS, LLC**<br><br>Defendant | Case No. 3:25-cv-1553<br><br>**CLASS ACTION COMPLAINT**<br><br>15 U.S.C. § 1681 et seq.<br><br>Demand for Jury Trial |

**1.**

**PRELIMINARY STATEMENT**

This is a consumer class action for actual damages, statutory damages, and punitive damages for failure to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq. Plaintiff brings this action on behalf of consumers throughout the country who have been the subject of consumer reports prepared by Defendant that contained missing, incomplete, or out-of-date information.

**2.**

**JURISDICTION AND VENUE**

Jurisdiction arises under 15 U.S.C. § 1681, et. seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

**3.**

Venue is proper in this district under 28 U.S.C. § 1391(b).

**4.**

**PARTIES**

Tanya Lane ("Plaintiff") is an individual who was at all relevant times residing in Washington County, Oregon.

**5.**

At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**6.**

Certegy Payment Solutions, LLC ("Defendant") is a business entity that provides check screening services to various third parties including Wal-Mart and Fred Meyer.

**7.**

At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**8.**

At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**9.**

At all relevant times, Defendant was acting by and through its agents, servants, or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

**10.**

**FACTUAL ALLEGATIONS**

At all relevant times, "reports" as alleged in this complaint are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**11.**

Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

**12.**

Among other things, Defendant sells consumer reports to retail stores who wish to screen people who wish to buy products with a personal check.

**13.**

The consumer reports that Defendant sells to various retail stores contain information regarding an applicant's financial responsibility, creditworthiness, and trustworthiness regarding the use of personal checks.

**14.**

Consumer reporting agencies ("CRAs") such as Defendant, deal in volume and use standardized procedures to gather information and attribute the information to individuals—they do not "reinvent the wheel" by using unique practices with respect to each different report.

**15.**

Upon request from a consumer, every CRA such as Defendant, must clearly and accurately disclose to the consumer all information in the consumer's file. 15 U.S.C. § 1681g(a).

**16.**

A consumer's file includes all information that might be furnished or has been furnished in a consumer report about that consumer. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007).

**17.**

In or around August 2023, Plaintiff experienced issues with her personal checks being declined by various merchants.

**18.**

On or about September 2, 2023, at or around the time that her checks were being declined by various merchants, Plaintiff contacted Defendant and requested that Defendant mail to her a copy of her consumer report. Incidental, and as part of her request to Defendant, Plaintiff provided Defendant with her: (i) name; (ii) address; (iii) government issued ID number; (iv) checking account number; and, (v) her social security number.

**19.**

In response, on or about September 2, 2023, Defendant mailed a copy of Plaintiff's background report to Plaintiff. In the "Inquiries" section, the consumer report noted an attempted check payment to Wal-Mart, dated March 26, 2023. The report further stated that the check was "Not Authorized-reason below." The stated reason, delineated below

was: "This transaction received a decline recommendation from Certegy because our records indicated that there is negative information on file, most typically due to a returned check."

**20.**

The report dated September 2, 2023, did not, however, delineate any negative information and did not reflect any "Outstanding Items," which was blank – reflecting "NO Information on File."

**21.**

The report dated September 2, 2023, further noted: "Information maintained in Certegy's files from the OUTSTANDING ITEMS or RESOLVED ITEMS sections of this report may have been reported to Chex Systems, Inc." (Emphasis in original). Notably, the report contained no information in the section entitled "Outstanding Items" and did not contain a section entitled "Resolved Items."

**22.**

Defendant failed to provide Plaintiff with the information it maintains about her and which has been reported to third parties or which may be reported to third parties, in response to her request.

**23.**

Defendant has deliberately, willfully, recklessly and negligently adopted a policy and practice that disregards its duty to clearly and

accurately disclose to the consumer all information in the consumer's file upon request, as required by the FCRA.

**24.**

Defendant's conduct has similarly affected Plaintiff and numerous other consumers about whom it provided a consumer report that was incomplete and missing fundamental information that would allow the consumer to mitigate any inaccurate information appearing in the report.

**25.**

The identities of the other individuals about whom Defendant provided a consumer report with missing information can be identified through a review of Defendant's business records based upon objective criteria.

**26.**

Plaintiff has been damaged, and continues to be damaged, in the following ways: (i) denial of statutorily mandated disclosure of information regarding Defendant's reporting, necessary for Plaintiff to have an opportunity to mitigate Defendant's inaccurate reporting and prevent it from occurring in the future; (ii) harm to reputation.

**27.**

At all relevant times, the conduct of Defendant, as well as that of its agents, servants or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

**28.**

The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**29.**

**CLASS ACTION ALLEGATIONS**

Plaintiff brings this action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> **Section 1681g(a) Failure to Report Class**
>
> All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this complaint and continuing through the conclusion of this action, requested a copy of their report and were not provided all information in the consumer's file at the time of the request, the source of the information, and the identification of each person that procured a consumer report during the one year period preceding the date the request was made.

**30.**

Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

**31.**

**Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Defendant provides consumers with thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

**32.**

**Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: whether Defendant failed to comply with section 1681g(a) of the FCRA by failing to provide a complete copy of the report to Plaintiff containing all the information reported about her including the sources of said information and the identifies of all recipients of her consumer reports.

**33.**

**Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each class member, which all arise from the same operative facts and are based on the same legal theories.

**34.**

**Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the class because her interests are aligned with, and are not antagonistic to, the interests of the members of the class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the class.

**35.**

**Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the class to individually redress effectively the wrongs done

to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the court by allowing the court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

**36.**

## CAUSE OF ACTION

### Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)

### On behalf of Plaintiff and the Class

Plaintiff incorporates the foregoing paragraphs.

**37.**

Under 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for failing to provide a complete copy of all the information in her file upon request, as required by 15 U.S.C. § 1681g(a).

**38.**

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury.

**39.**

Plaintiff reserves the right to amend this complaint to adjust the claims for compensation and damages and to add additional claims and defendants. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before or during trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to Plaintiff's actions and based on information and belief as to the actions of others.

**40.**

## PRAYER FOR RELIEF

Plaintiff respectfully prays for orders and judgments to be entered in favor of Plaintiff and the class and against Defendant as follows:

**(i)** That an order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the class;

**(ii)** That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per class member, under 15 U.S.C. § 1681n(a);

**(iii)** That judgment be entered against Defendant for punitive damages under 15 U.S.C. § 1681n(a)(2);

**(iv)** That judgment be entered against Defendant for actual damages under 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

**(v)** An award of costs and reasonable attorney's fees under 15 U.S.C. §§ 1681n and o; and

**(vi)** That the Court grant such other and further relief as may be just and proper.

DATED: September 2, 2025

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 093570**
Lead Trial Attorney for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

(additional attorneys for Plaintiff listed on next page)

**Robert Sola, OSB No. 844541**
Robert S Sola PC
1500 SW 1st Ave Ste 800
Portland, Oregon 97201
rssola@msn.com
Phone 503-295-6880

**Kelly Jones, OSB No. 074217**
Law Office of Kelly D. Jones
819 SE Morrison Street Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Phone 503-847-4329

**Nate Haberman, OSB No. 225456**
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
nate@underdoglawyer.com
Phone 503-222-2000